## CRAWFORD, Plaintiff-Appellee, v NORMAN, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 1890.   Decided April 9, 1946.

C. V. Zimmerman, Dayton, F. W. Howell, Dayton, for Plaintiff-Appellee.

Jacobson & Durst, Dayton, for Defendant-Appellant.

### OPINION

By MILLER, J.

This case comes into this Court on appeal on questions of law from the judgment of the Common Pleas Court of Montgomery County, Ohio, which affirmed the judgment of the Municipal Court of Dayton, Ohio. The action was one in forcible entry and detainer which came on for trial upon the statement of claim filed by the plaintiff and upon the evidence. Counsel for the defendant appeared at this hearing, but no formal defense was presented. The Court found in favor of the plaintiff and against the defendant and ordered that the plaintiff have restitution of the premises.

The assignments of error are that the judgment of the Municipal Court is contrary to law and not sustained by the evidence.

The record discloses that the statement of claim in the Municipal Court was filed on April 17, 1945. The notice to vacate the premises provided in part as follows:

"You are required to surrender possession on or before April 17, 1945."

It is the contention of the defendant-appellant that the action was prematurely brought; that by the terms of the notice to vacate the defendant-appellant was lawfully in possession when the suit was brought and until midnight of April 17, 1945. The notice to vacate was served upon the defendant in compliance with §10451 GC, which provides as follows:

"A party desiring to commence an action under this chapter must notify the adverse party to leave the premises, * * *, three or more days before beginning the action by handing a written copy of the notice to the defendant in person or by leaving it at his usual place of abode." .

It will be noted that this section provides no special form of notice. Any demand is sufficient if the person to whom it is given must understand from it what is demanded of him and by whom. A substantial compliance with this statute is all that is required. It does not require that the notice to vacate should specify any date at which the property be given up. The only stipulation as to time is that the notice must be given three or more days before the commencement of the action. This provision of the statute was complied with. The fact that the notice required surrender of the premises on or before April 17, 1945, is not the determining factor, since the date for compliance was not necessary and any additional time allowed in the notice is without consideration and does not determine when the cause of action arose. This same question was decided, and we think properly so, in the case of **Mack v Eckerlin, 2 O L R 441,** and affirmed in **75 Oh St 627.** It is therefore, our conclusion that the action was not prematurely brought, and the judgment is affirmed.

HORNBECK, PJ, and WISEMAN, J, concur.